IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MITCHELL W. WAGNER,<br>Prison ID # 1543049,<br><br>        Plaintiff,<br><br>v.<br><br>TERRI WILKE, et al.,<br><br>        Defendants. | No. 1:19-CV-0035-BL |

## REPORT AND RECOMMENDATION

The Court has under consideration a Motion for a Temporary Restraining Order and Preliminary Injunction (doc. 11) and Plaintiff's request for an Emergency Preliminary Injunction found within his original complaint (doc. 2). This action has been referred pursuant to 28 U.S.C. § 636(b). Because Plaintiff has not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation; directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings; and recommends that the Court deny the motion and other request for preliminary injunction.

Plaintiff commenced this action by filing an original complaint (doc. 2) against four defendants for alleged denials of medical care. Within that complaint, he asks the Court to issue a preliminary injunction to prevent the four defendants from retaliating against him for filing the lawsuit. He later moved for a temporary restraining order and preliminary injunction to assure that he receives proper medical care.

Courts "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Although courts may issue a temporary restraining order ("TRO") without notice to the

adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Moreover, before a court may grant either a TRO or preliminary injunction, the party seeking such relief must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) "a substantial threat that irreparable harm will result" unless the court grants the requested injunction; (3) "the threatened injury outweighs the threatened harm" to adverse parties; and (4) granting the requested injunctive relief "will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). And the irreparable injury must occur "during the pendency of the litigation." *Justin Indus., Inc. v. Choctaw Secs., L.P.,* 920 F.2d 262, 268 n.7 (5th Cir. 1990) (per curiam). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Whether to issue an injunction lies within the sound discretion of the trial court. *See Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (preliminary injunction).

When "addressing the second factor, speculation or the mere risk of irreparable harm is not a sufficient showing of irreparable harm." *Aon Re, Inc. v. TIG Ins. Co.*, No. 3:09-CV-0300-B, 2009 WL 3075584, at *4 (N.D. Tex. Sept. 28, 2009). A "present threat of substantial, noncompensable harm" must exist. *Id.* (citing *Spiegel v. City of Houston,* 636 F.2d 997, 1001 (5th Cir. 1981)). "There can be no irreparable injury where money damages would adequately compensate a plaintiff." *DFW*

*Metro Lines Servs. v. Sw. Bell Tel. Co.,* 901 F.2d 1267, 1269 (5th Cir. 1990).

In this case, Plaintiff's requests for TRO and preliminary injunction fail because he has not shown a substantial threat of irreparable injury. With respect to the request concerning retaliation by defendants, Plaintiff provides nothing beyond speculation that they might retaliate against him. And even if they were to retaliate against Plaintiff, he has shown no substantial threat that such retaliation would cause any irreparable injury. Similarly, Plaintiff's request for an injunction to assure that he receives proper medical care relates to claims that he has sore gums due to a lack of dentures. He provides nothing to support a finding that there is a substantial threat of irreparable harm during the pendency of this action should the Court decline to issue the requested TRO or preliminary injunction.

For the foregoing reasons, the Court should find no basis for finding a substantial threat of irreparable injury. Accordingly, the undersigned recommends that the Court **DENY** Plaintiff's request for an Emergency Preliminary Injunction found within his original complaint and **DENY** the Motion for a Temporary Restraining Order and Preliminary Injunction (doc. 11). Because the parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings but maintain the reference to the undersigned until further order of the Court. After the reassignment, the undersigned may continue to exercise all powers permitted by 28 U.S.C. § 636(b) unless otherwise directed by court order.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      **IT IS SO ORDERED** this 28th day of May, 2019.

                                      _____
                                      **E. SCOTT FROST**
                                      **UNITED STATES MAGISTRATE JUDGE**