IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MITCHELL W. WAGNER, <br> Institutional ID No. 1543049, <br> SID No. 02396387, <br>     Plaintiff, <br><br> v. <br><br> TERRI WILKE, *et al.*, <br>     Defendants. | § § § § § § § § § § § § § <br><br> Civil Action No. 1:19-CV-00035-BU |

## **REPORT AND RECOMMENDATION AND ORDER OF TRANSFER**

This case was transferred to United States Magistrate Judge E. Scott Frost by order dated March 29, 2019. Dkt. No. 7. Pursuant to Special Order No. 3-326, the case was later reassigned to the undersigned magistrate judge on October 1, 2019. Dkt. No. 21. In accordance with the mandate of the initial transfer order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that pro se Plaintiff Mitchell W. Wagner's claim for deliberate indifference to his medical needs in violation of the Eighth Amendment against Texas Department of Criminal Justice ("TDCJ") employees Robert Martin, MD, Correctional Unit Physician at the Robertson Unit; Jackie Gregory, Nurse Practitioner at the Robertson Unit; and Thomas Stewardson, Correctional Unit Dentist at the Robertson Unit survives preliminary screening. Dkt. No. 33. Consequently, the Court entered an order requiring Defendants to answer or otherwise plead to Plaintiff's claims. *Id*. Defendants filed their answer on April 20, 2020. Dkt. No. 36. As of the date of this order, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendants' Answers, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

1

## I.  Discussion

The undersigned previously found that Wagner's claim for deliberate indifference to medical needs survives preliminary screening as stated against Defendants Robert Martin, Jackie Gregory, and Thomas Stewardson in their official capacities.[1] *See* Order to Answer, at 15–16 (Dkt. No. 33).  Wagner's deliberate indifference to medical needs claim arises under the Eighth Amendment.  An inmate seeking to establish an Eighth Amendment violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs.  *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (explaining that because "only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (emphasis in original)).  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006).

Deliberate indifference "is an 'extremely high' standard to meet" (*Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009)), and requires satisfaction of both an objective and a subjective component.  *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013).  An inmate must first prove objective exposure to a substantial risk of serious bodily harm.  *Gobert*, 463 F.3d at 345–46.  As to the subjective component, a prison official acts with deliberate indifference only where he (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to

---

[1] The Court concluded that Wagner's claim against Terri Wilke for deliberate indifference to serious medical needs failed to state a claim and was dismissed with prejudice. *See* Dkt. No. 33 at 7-11. The Court also found that, because Wagner was seeking injunctive relief that could only be provided by the Defendants in their official capacities, any claims made against Defendants in their individual capacities were dismissed with prejudice. *Id*. at 13-14. The remaining deliberate indifference to serious medical need claim proceeds against Defendants Robert Martin, Jackie Gregory, and Thomas Stewardson solely in their official capacities. *Id*. at 15-16.

take reasonable measures to abate it. *Id*. at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (stating prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

Here, Wagner alleges that he been trying to obtain dentures from the medical providers at the Robertson Unit for the past five years. Dkt. No. 2 at 5. By depriving him of dentures, Wagner alleges that each defendant acted with deliberate indifference to a serious medical need and knowingly let him suffer pain. *Id*. at 13. Wagner alleges that Defendant Martin should be held liable because, as the Unit Doctor, he "could have approved dentures for my mouth [but] instead he [chose] deliberate indifferent to a serious medical need." Dkt. No. 17 at 7. Wagner specifically alleges that on November 9, 2018, Martin refused to approve or order dentures and knowingly allowed Wagner to "suffer pain." *Id*. at 10.

Wagner alleges that Defendant Stewardson, a dentist at the Robertson Unit, was deliberately indifferent to his serious needs by failing to provide follow-up care for his sore gums. Dkt. No. 2 at 4. Wagner contends that Stewardson examined him three times (November 13, 2018; December 3 and 10, 2018) and saw the sores on Wagner's gums, but said he would only remove Wagner's last two teeth. *Id*. at 10. Stewardson allegedly refused to provide dentures, explaining that only a (medical) provider could approve them. *Id*. at 4.

Finally, Wagner alleges that Defendant Gregory, a nurse practitioner at the Robertson Unit, should be held liable for failure to prescribe dentures. Allegedly, Wagner asked her four times for dentures, and on November 21, 2018, Gregory explained that he had to lose "lots of weight" and would have to be "rail thin" before he could get dentures. *Id*. at 10. Wagner alleges that Gregory then put him on a mechanical soft diet but that it did not stop the pain and swelling. *Id*. at 5. In

3

addition to the pain, Wagner alleges that Gregory's actions in failing to prescribe dentures resulted in Wagner's swollen gums, bleeding, and weight loss. Dkt. No. 17 at 7.

At this stage of the proceedings, Wagner's allegations, taken as true, sufficiently state a claim for deliberate indifference to medical need under the Eighth Amendment against Defendants Martin, Stewardson, and Gregory. Because Wagner is only seeking injunctive relief through the provision of dentures, the claim is solely against Defendants in their official capacities.[2] The Fifth Circuit Court of Appeals has held in several unpublished cases that a prisoner's allegation of "difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool" due to a lack of dentures was sufficient to state a claim of a serious medical need for dentures. *Vasquez v. Dretke*, 226 Fed. App'x 338, 340 (5th Cir. 2007) (citations omitted); *see also Huffman v. Linthicum*, 265 Fed. App'x 162, 163 (5th Cir. 2008) (vacating in part and remanding dismissal of a deliberate indifference claim that alleged "intense physical pain, swollen gums, weight loss, disfigurement and stomach pain" due to lack of dentures); *Williams v. Mason*, 210 Fed. App'x 389, 390 (5th Cir. 2006) (vacating and remanding dismissal of a deliberate indifference claim that alleged "bleeding gums and digestive difficulty" due to lack of dentures). Thus, as stated, Wagner's claim against Defendants survives preliminary screening and should move forward.

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

---

[2] *See supra* note 1.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 1:19-CV-035-C.[3]

## II.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 24th day of August, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

---

[3] In addition, because all claims against Terri Wilke were dismissed with prejudice on March 18, 2020 (*see* Dkt. Nos. 33, 34), the caption of this case shall be changed to *Mitchell W. Wagner v. Robert Martin*.