IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MITCHELL W. WAGNER,<br>Institutional ID No. 01543049<br>SID No. 02396387 | §<br>§<br>§ | |
| Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:19-CV-00035-C |
| ROBERT MARTIN, et al., | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## ORDER

Came on for consideration the motions of Plaintiff, Mitchell W. Wagner, and Defendants, Robert Martin, Jackie Gregory, and Thomas Stewardson, for summary judgment. The Court, having considered the motions, the summary judgment evidence, the record, and applicable authorities, finds that Defendants' motion should be GRANTED and that Plaintiff's motion should be DENIED.

### I. PLAINTIFF'S CLAIMS

Pro se Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional right to medical care. He alleges that Defendants each acted with deliberate indifference to his medical needs by denying him dentures. These are the only claims remaining. *See* Docs. 33, 34.

### II. GROUNDS OF THE MOTIONS

The parties each maintain that there is no genuine issue of material fact. Plaintiff says that the record establishes that Defendants have been deliberately indifferent to his serious medical needs. Defendants say that Plaintiff cannot establish deliberate indifference.

### III. APPLICABLE STANDARDS

A. Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. *Id.* at 324; *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 597 (1986). In *Mississippi Prot. & Advocacy Sys., Inc. v. Cotten*, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. "[T]he [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

B. Deliberate Indifference

The Eighth Amendment proscribes the cruel and unusual punishments, which the Supreme Court has interpreted to include deliberate indifference to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For deliberate indifference to rise to the level of a constitutional violation, the plaintiff must establish that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A defendant's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute a constitutional violation. *Id.* at 838. "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. Rather, the plaintiff must show that the defendant acted with subjective deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 648–49 (5th Cir. 1996) (discussing *Farmer*).

## IV. ANALYSIS

Plaintiff's medical records reflect that he has received extensive medical care for a variety of issues. *See* Doc. 82-4. Often, he failed to appear for appointments. *See, e.g., id.* at 150, 152, 153, 165, 166, 191, 199, 203, 204. Several times, he refused treatment or services.

3

*See, e.g., id.* 84 (annual physical), 87 (sick call), 88 (ophthalmology follow-up), 90 (echocardiogram).

Dental records establish that Plaintiff has had a long history of problems with his teeth. Over the years that he has been incarcerated, he has had all his remaining teeth pulled. The teeth were unrestorable due to caries, advanced periodontal disease, and severe bone loss. *See, e.g.,* Doc.82-3 at 16, 55, 61, 63, 66, 70. As early as 2016, Plaintiff stated that he did not want a blended diet and that he wanted dentures. *Id.* at 59. Plaintiff was advised in November 2018 that he needed to have the last two teeth extracted as they had advanced periodontal disease, Class III mobility, and chronic apical periodontitis with draining fistulas. *Id.* at 43. He was referred to medical for a thorough review of his medical history and assessment of his nutritional status to determine if dentures were medically necessary. *Id.* In December 2018, Plaintiff complained of sores in his mouth and said that he needed dentures. *Id.* at 32. The dentist noted that Plaintiff would not have sores if he had the remaining two teeth removed; but Plaintiff did not then meet the criteria for dentures. *Id.* In July 2019, Plaintiff complained of sores on his gums in the lower anterior, but the dentist did not observe any. Again, the dentist noted that the two remaining teeth needed to be extracted. *Id.* at 28. In October 2019, Plaintiff was seen again by the dentist after he complained to the warden about wanting dentures. This time, he complained of sores on the upper anterior. The dentist noted that the draining fistulas associated with the teeth that needed pulling were the sores about which Plaintiff complained and that there were no other sores. The dentist recommended that the teeth be pulled to clear up the sores. Plaintiff refused. The dentist also explained (again) that in order to receive dentures, they would have to be deemed medically necessary. *Id.* at 25–26. Finally, in July 2020, Plaintiff consented

4

to have the remaining teeth pulled. *Id.* at 16. In March 2021, Plaintiff was examined, and the dentist found no evidence of trauma or pathology throughout his mouth. He noted that the plan was to refer Plaintiff to medical to determine if dentures were medically necessary. *Id.* at 12.

In March 2021, Plaintiff was examined and found to be nutritionally healthy. The examiner noted that Plaintiff obviously had a dietary intake sufficient to keep his weight above the upper limit of normal. His basic labs were generally normal, and he did not seem to have any limitations related to his nutrition. Doc. 82-4 at 353. In other words, Plaintiff did not have a serious medical need for dentures.

Plaintiff maintains that he is entitled to dentures, seemingly saying that he was promised dentures if he had the remaining teeth pulled. Defendants' experts opine that dentures are not medically necessary. Docs. 82-1, 82-2. The issue, however, is not whether Plaintiff is entitled to dentures, but whether he has shown that Defendants were deliberately indifferent to his serious medical needs. And, in fact, he has not come forward with probative summary judgment evidence to show that any of the Defendants was aware of a substantial risk of serious harm and acted with subjective deliberate indifference. *Farmer*, 511 U.S. at 837–38. And as long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). The record reflects that Defendants exercised professional medical judgment and repeatedly recommended that Plaintiff have his remaining teeth extracted to alleviate his symptoms. There is simply no evidence of any excessive risk to Plaintiff's health. At most, Plaintiff has shown a disagreement as to treatment, which is insufficient to establish any constitutional violation.

*Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact and the Defendants are entitled to summary judgment as a matter of law. The Court need not reach the matter of the relief sought and whether Defendants are entitled to Eleventh Amendment immunity.

## V. ORDER

For the reasons discussed, the Court ORDERS that Plaintiff's Motion for Summary Judgment be, and is hereby, DENIED; that Defendants' Motion for Summary Judgment be, and is hereby, GRANTED; that Plaintiff take nothing on his claims against Defendants; and that such claims be, and are hereby, DISMISSED WITH PREJUDICE.

Dated December 6, 2021.

SAM R. CUMMINGS
Senior United States District Judge